UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA
    -v-

ALFRED AKERELE
------------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-04-922 (ARR)
CHRISTOPHER BOOTH, ESQ
11 BROADWAY, SUITE 967
NEW YORK, NEW YORK 10004
Defendant's Attorney & Address

THE DEFENDANT:
**XXX** pleaded guilty to count one of the indictment.
___ was found guilty on counts                    after a plea of not guilty.
    Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 952(a), 960(a)(1) & 960(b)(3) | IMPORTATION OF HEROIN INTO THE UNITED STATES. | ONE (1) |

The defendant is sentenced as provided in pages 2 through ___ of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s)       and is discharged as to such count(s).
**XXX** Remaining counts are dismissed on the motion of the United States.
**XXX** It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due **XXX** immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # **NONE**

Defendant's Date of Birth **2/20/79**

Defendant's Mailing Address:

    **UNDOMICILIED**

Defendant's Residence Address:

    **( SAME AS ABOVE )**

**MAY 17, 2005**
Date of Imposition of Sentence

ALLYNE R. ROSS, U.S.D.J.

**MAY 17, 2005**
Date

A TRUE COPY ATTEST
Date: _____
ROBERT C. HEINEMANN
CLERK OF COURT

By: _____

DEPUTY CLERK

Defendant: ALFRED AKERELE  
Case Number: CR-04-922(ARR)

Judgment - Page    of

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of twenty one (21) months.

____ The Court makes the following recommendations to the Bureau of Prisons:

____ The defendant is remanded to the custody of the United States Marshal.
____ The defendant shall surrender to the United States Marshal for this district,

        ____ at _____ a.m./p.m. on _____.
        ____ as notified by the Marshal.

____ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

        ____ before 12:00 noon on _____.
        ____ as notified by the United States Marshal.
        ____ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

                    United States Marshal

                    By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALLY.
2) DEFT SHALL NOT POSSESS ANY FIREARMS.

___  The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: ALFRED AKERELE
Case Number: CR-04-922(ARR)                                    Judgment - Page of

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: ALFRED AKERELE
Case Number: CR-04-922(ARR)

Judgment - Page      of

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 100.00     , consisting of a fine of $   N/A       and a special assessment of $ 100.00        .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

              The interest requirement is waived.
         ___  The interest requirement is modified as follows:

1  THE COURT: Well, I do think that in this case the
2  nature and circumstances of the defendant warrant some kind
3  of adjustment. It is clear that apart from the activities
4  last summer involving Richard, I guess it is Boadu, the
5  defendant has not only led a law-abiding life but
6  consistently sought to further himself through advanced
7  education. He commenced and recommenced his university
8  studies only to interrupt them for lack of funds, and with
9  the exception of the most recent incident he appears to have
10 worked steadily when not a student in order to support
11 himself.
12      The letters from the defendant's family as well as
13 the statements of Mr. Akerele himself persuade me that he
14 will not again be a risk to society and that a sentence of
15 twenty-one months custody, which I do believe to be a severe
16 sentence, would be ample to serve the goals of sentencing as
17 articulated in the statute.
18      I am going to sentence Mr. Akerele to the custody
19 of the Attorney General for a period of twenty-one months, to
20 be followed by a three-year period of supervised release,
21 with special conditions that if deported he not illegally
22 reenter the United States. I prohibit the possession of a
23 firearm. I make a finding that he is unable to pay a fine
24 but I will impose the mandatory one-hundred-dollar special
25 assessment.